**Debbie Foreman ELROD, Individually and as personal representative of heirs at law of James Daniel Chase Elrod, Deceased, Appellants,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, Appellee,**

**Roy A. WIMBERLY, individually; Sharon K. Wimberly, individually, and as mother and next friend of Misty Wimberly and Amber Wimberly, minors, Appellants,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, Appellee.**

No. 95–1004.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1995.

Decided Oct. 13, 1995.

Robert G. Gilder, Southaven, MS, argued, for appellant.

Denzil Price Marxhall, Jr., Jonesboro, AR, argued (John Deacon and James D. Bradbury, on the brief), for appellee.

Before BOWMAN, JOHN R. GIBSON, and BEAM, Circuit Judges.

BOWMAN, Circuit Judge.

This is a federal preemption case. The sole issue presented in this appeal is whether the District Court[1] erred when it held that plaintiffs' Arkansas common-law negligence claim against defendant Burlington Northern Railroad Company had been preempted by federal law. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 (1988) and affirm the judgment of the District Court.

On July 18, 1992, a car collided with a Burlington Northern train at the Jefferson Street crossing in Luxora, Arkansas. The driver of the car, Sharon K. Wimberly, and her two minor children were injured. James Elrod, Wimberly's nephew, was killed. At the time of the accident, the Jefferson Street crossing was guarded by two reflectorized cross-buck signs.[2] The signs were installed in 1980 by the Arkansas State Highway and Transportation Department (AHTD) as part of a federally approved safety upgrade plan. Federal funds paid for the installation of the cross-bucks.

The plaintiffs[3] originally brought suit against Burlington Northern in Arkansas state court, alleging, *inter alia,* that the railroad was negligent for failing to install adequate warning devices at the crossing. Burlington Northern removed the case to federal court and subsequently filed a motion for partial summary judgment, arguing that the plaintiffs' state-law negligence claim based on a failure to provide adequate warning devices was preempted by federal grade crossing regulations, 23 C.F.R. § 646.214(b)(3) and (4) (1995), promulgated by the Federal Highway Administration (FHWA) under the Federal Railroad Safety Act of 1970, 45 U.S.C. §§ 421–447 (1988 & Supp. V 1993) (amended and now codified at 49 U.S.C.A. §§ 20101–20153 (West.Supp.1995)), and the Highway Safety Act of 1973, 23 U.S.C. §§ 101–160 (1988 & Supp. V 1993). The District Court granted Burlington Northern's motion, holding that the negligence claim was preempted

---

1. The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

2. Cross-bucks, the X-shaped signs spelling out "RAILROAD CROSSING," are warning devices that face oncoming traffic on each side of the crossing. The Jefferson Street crossing was not equipped with automatic barrier gates or flashing signal lights.

3. Debbie Elrod sued both individually and as personal representative of the heirs at law of the deceased James Elrod. Sharon Wimberly sued individually and as mother and next of friend for her minor children, Misty and Amber. Roy Wimberly sued individually.

by federal law. A final judgment having been entered, the plaintiffs timely appeal.[4]

■ We review *de novo* the granting of summary judgment. *Maitland v. University of Minnesota*, 43 F.3d 357, 360 (8th Cir. 1994). We will affirm the judgment if the record reveals that there is no disputed issue of genuine material fact and that the prevailing party is entitled to judgment as a matter of law. *Id.; see also* Fed.R.Civ.P. 56(c). Plaintiffs have not raised any genuine factual dispute that would preclude the entry of summary judgment; instead, they argue that Burlington Northern is not entitled to judgment as matter of law. We disagree. Under the Supreme Court's decision in *CSX Transp., Inc. v. Easterwood*, — U.S. —, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993), and this Court's more recent decision in *St. Louis Southwestern Ry. Co. v. Malone Freight Lines, Inc.*, 39 F.3d 864 (8th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 1963, 131 L.Ed.2d 854 (1995), the ruling of the District Court must be upheld.

The parties do not dispute that federal grade crossing regulations, 23 C.F.R. § 646.214(b)(3) and (4), provide the starting point in this case.[5] These regulations, promulgated by the Secretary of Transportation through FHWA, delineate the warning devices that must be installed at a railroad crossing when the installation of those devices is funded by the federal government.

Both *Easterwood* and *Malone* hold that, when applicable, these regulations preempt state law. *Easterwood*, — U.S. at — – —, 113 S.Ct. at 1740–41; *Malone*, 39 F.3d at 867.

In *Easterwood*, the Supreme Court held that federal grade crossing regulations would preempt state-law tort claims if federal funds were used to install the warning devices at the crossing where the accident occurred. In that case, a widow brought a wrongful death action against CSX Transportation after her husband was killed when his truck collided with a CSX train at a grade crossing in Georgia. Easterwood alleged, *inter alia*, that CSX was negligent under Georgia law for failing to install adequate warning devices at the crossing. CSX argued that this state-law claim had been preempted by federal grade crossing regulations and corresponding enabling legislation. *Easterwood*, — U.S. at —, 113 S.Ct. at 1736.

The *Easterwood* Court explained that federal grade crossing regulations may preempt a railroad's state-law duties when the regulations "cover" the same subject matter as a plaintiff's state-law claim. *Id.* at — – —, 113 S.Ct. at 1737–38. After rejecting other potential sources of preemption, the Court examined the federal grade crossing regulations in 23 C.F.R. § 646.214(b)(3) and (4), and found that they covered the same subject

---

**4.** Plaintiffs' other claims proceeded to trial, with the jury returning a verdict on interrogatories in favor of Burlington Northern. Plaintiffs do not appeal the judgment entered on the jury verdict.

**5.** 23 C.F.R. § 646.214(b)(3) and (4) read:

(3)(i) *Adequate warning devices*, under § 646.214(b)(2) or on any project where Federal-aid funds participate in the installation of the devices are to include automatic gates with flashing light signals when one or more of the following conditions exist:
(A) Multiple main line railroad tracks.
(B) Multiple tracks at or in the vicinity of the crossing which may be occupied by a train or locomotive so as to obscure the movement of another train approaching the crossing.
(C) High Speed train operation combined with limited sight distance at either single or multiple track crossings.
(D) A combination of high speeds and moderately high volumes of highway and railroad traffic.

(E) Either a high volume of vehicular traffic, high number of train movements, substantial numbers of schoolbuses or trucks carrying hazardous materials, unusually restricted sight distance, continuing accident occurrences, or any combinations of these conditions.
(F) A diagnostic team recommends them.
(ii) In individual cases where a diagnostic team justifies that gates are not appropriate, FHWA may find that the above requirements are not applicable.
(4) For crossings where the requirements of § 646.214(b)(3) are not applicable, the type of warning device to be installed, whether the determination is made by a State regulatory agency, State highway agency, and/or the railroad, is subject to the approval of FHWA.
The Jefferson Street crossing in this case falls within the purview of the latter catch-all provision, 23 C.F.R. § 646.214(b)(4), because none of the triggering conditions found in 23 C.F.R. § 646.214(b)(3) were present at that particular crossing.

matter as inadequate warning device claims under state law. The Court therefore held that when these regulations apply, "state tort law is pre-empted." *Id.* at —— ——, 113 S.Ct. at 1740–41. The federal grade crossing regulations did not apply to the facts in *Easterwood,* however, because federal funds were not used to install the warning devices at the crossing where the accident occurred. Easterwood's warning device claim was therefore not preempted. Federal funding is the touchstone of preemption in this area because it indicates that the warning devices have been deemed adequate by federal regulators. *See, e.g., Hester v. CSX Transp., Inc.,* 61 F.3d 382, 387 (5th Cir.1995) ("The fact that federal funds participated in the installation of the warning devices legally presupposes that the Secretary approved and authorized that expenditure, which in turn legally presupposes that the Secretary determined that the safety devices installed were adequate to their task.").

■ Unlike *Easterwood,* it is undisputed in this case that federal monies funded the installation of the cross-buck signs at the Jefferson Street crossing. Accordingly, Burlington Northern's preemption defense does not suffer from the same ailment—lack of participating federal funds—that defeated CSX's preemption defense in *Easterwood.* *Easterwood* plainly indicates that preemption will be found where, as here, federal funds have been spent on federally approved warning devices.

Similarly, in *Malone,* this Court, following the Supreme Court's lead in *Easterwood,* held that federal grade crossing regulations preempt state law "when all the devices prescribed in the FHA [FHWA]-approved upgrade plan are installed and operating." 39 F.3d at 867. *Malone* involved a crossing accident that occurred *after* FHWA approved adding gates to a crossing but *before* these upgraded devices had been completely installed. The district court granted the railroad's motion for summary judgment, finding FHWA approval of the upgrade project alone triggered preemption. This Court disagreed and reversed, finding preemption was not triggered until the upgrade devices were completely installed and operating. We rea-

soned that the public would be left unprotected during the time between federal approval and actual installation of the upgrade project if FHWA approval by itself were the triggering event for preemption. Accordingly, we held that a railroad's common-law duty of care continues until the federally prescribed devices are actually installed and operating. Once the warning devices are installed and operating, the federal government having provided funds for the installation, the railroad is entitled to the benefit of federal preemption. Federal law did not preempt the state-law tort claims in *Malone,* however, because the federally approved warning devices had not yet been fully installed. *Id.*

Unlike *Malone,* it is undisputed in this case that the warning devices were installed and operating at the time of the accident. The cross-bucks at the Jefferson Street crossing were installed by AHTD in 1980 with FHWA approval; there is nothing in the record that indicates they were not operational at the time of the accident. The facts of this case therefore are precisely the kind of facts that *Malone* requires for the triggering of federal preemption. Accordingly, plaintiffs' state-law negligence claim based on the alleged inadequacy of the warning devices at the Jefferson Street crossing is preempted, and summary judgment in favor of Burlington Northern on this claim was properly granted.

Plaintiffs place great reliance on *Shots v. CSX Transp., Inc.,* 38 F.3d 304 (7th Cir. 1994), another grade crossing accident case. In that case, the Seventh Circuit declined to read *Easterwood* "literally," and held that the Secretary's funding of crossing devices did not necessarily imply federal approval of particular measures taken at particular crossings sufficient to preempt state law. *Id.* at 307. While *Shots* is undeniably more favorable to the plaintiffs, it is inconsistent with our Court's reading of *Easterwood* in *Malone,* and we are bound by *Malone.* We therefore need not and do not consider what result might obtain in this case if *Shots* were the law of our circuit.

For the reasons stated, the District Court's entry of summary judgment in favor of Burlington Northern on plaintiffs' state-

law claim based on the alleged inadequacy of the warning devices at the Jefferson Street crossing is affirmed.